**DISTRICT COURT OF MARYLAND FOR** Harford County

LOCATED AT (COURT ADDRESS)

2 S. Bond St, Bel Air, MD 21014, (410) 836-4545

CASE NO.

**CV**

## COMPLAINT/APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT

☒ $5,000 or under  ☐ over $5,000  ☐ over $10,000

Clerk: Please docket this case in an action of ☐ contract ☒ tort
☐ replevin  ☐ detinue  ☐ bad faith insurance claim

The particulars of this case are:

### PARTIES

Plaintiff
Michael C. Worsham
1916 Cosner Road
Forest Hill, MD 21050-2210

VS.

Defendant(s)
1. Alliance Security, Inc.
   85 Garfield Avenue
   Cranston, RI 02920

   Serve by:
   ☐ Certified Mail
   ☒ Private Process
   ☐ Constable
   ☐ Sheriff

2. Serve on: Resident agent, Sheldon Chamratz
   85 Garfield Avenue, Cranston, RI 02920

   Serve by:
   ☐ Certified Mail
   ☐ Private Process
   ☐ Constable
   ☐ Sheriff

3. Monitronics International, Inc.
   2350 Valley View Lane
   Suite 100
   Dallas, Texas 75234-5736

   Serve by:
   ☒ Certified Mail
   ☐ Private Process
   ☐ Constable
   ☐ Sheriff

4. Serve on: CT Corporation System
   1999 Bryan Street
   Suite 900
   Dallas, Texas 75201

   Serve by:
   ☐ Certified Mail
   ☐ Private Process
   ☐ Constable
   ☐ Sheriff

Plaintiff sues Defendants for violations of the Maryland Telephone Consumer Protections Act, for a solicitation call without prior express consent on March 15, 2016 to Plaintiff's cell phone number 410-557-6192, which has been on the national Do Not Call List continuously for many years, and after Plaintiff told Defendants not to call Plaintiff, and after Plaintiff had already sued both Plaintiffs twice. The details of the allegations made and damages sought in this suit are provided in the attached Complaint.

(See Continuation Sheet)

The Plaintiff claims $ 2,500 , plus interest of $_____,
Interest at the ☐ legal rate ☐ contractual rate calculated at _____ %,
from _____ to _____ (_____ days x $ _____
per day) and attorney's fees of $ TBD plus court costs.
☐ Return of the property and damages of $_____
   for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of
   $_____ for its detention in action of detinue.
☒ Other: _____
   and demands judgment for relief. *Michael C. Worsham*

### ATTORNEYS

For Plaintiff - Name, Address, Telephone Number & Code

Signature of Plaintiff/Attorney/Attorney Code

Printed Name: Michael C. Worsham
Address: 1916 Cosner Road, Forest Hill, MD 21050
Telephone Number: 410-692-2749
Fax:
E-mail: michael @ magicmichael.net

### MILITARY SERVICE AFFIDAVIT

_____ is/are in the military service.
                              Name
☐ Defendant(s) _____
☒ No Defendant is in the military service. The facts supporting this statement are: the Defendants are Corporations.

Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any Defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to the best of my knowledge, information, and belief.

June 8, 2016
Date

*Michael C. Worsham*
Signature of Affiant

### APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT

Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the Defendant clearly of the claim against the Defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document _____ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☐ Plaintiff ☐ _____ of the Plaintiff herein and am competent to testify to the matters stated in this complaint, which are made on my personal knowledge; that there is justly due and owing by the Defendant to the Plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am competent to testify to these matters.

_____
Date

_____
Signature of Affiant

DC-CV-001 (front) (Rev. 09/2014)

## NOTICE TO DEFENDANT

### Before Trial

**If you agree that you owe the Plaintiff the amount claimed,** you may contact the Plaintiff (or Plaintiff's attorney) before the trial date to arrange payment. **If you wish to contest the claim,** you should notify the clerk's office by filing a Notice of Intent to Defend (located at the bottom of your summons). The case will be set for trial. If you wish to have your witnesses appear at trial, you should contact the clerk's office at least two weeks before the trial date to request subpoenas, and you should bring to court on the trial date any evidence you want the Court to consider. **If you do nothing,** a judgment could be entered against you.

### If Judgment is Entered Against You (If You Lose)

## IF YOU <u>DISAGREE</u> WITH THE COURT'S RULING, you may:

1. **APPEAL** to the Circuit Court, by filing a Notice of Appeal in the District Court within **30 days** after the entry of judgment. You will have to pay a filing fee (see Guide to Appeal Fees, DCA-109A), unless the Court determines that you are indigent. If the amount of the claim, not counting court costs, interest, and attorney's fees, is:
   - **more than $5,000,** you will also have to order and pay for a transcript of the District Court trial record, by contacting the District Court clerk's office (see Transcripts & Recordings Brochure, DCA-027BR).
   - **$5,000 or less,** you will have a new trial in the Circuit Court.

   On your trial date you should bring with you any evidence that you want the Court to consider.

2. File a **MOTION FOR A NEW TRIAL** within **10 days** after the entry of judgment, stating your reasons clearly. If the Court denies your Motion, you may still file an appeal; if the Court grants your Motion, you must appear in the District Court for a new trial.

3. File a **MOTION TO ALTER OR AMEND THE JUDGMENT** within **10 days** after entry of judgment.

4. File a **MOTION TO REVISE OR VACATE THE JUDGMENT** within **30 days** after entry of judgment.

## IF YOU DECIDE <u>NOT</u> TO APPEAL AND <u>NOT</u> TO FILE ONE OF THE ABOVE MOTIONS, you may contact the Plaintiff or Plaintiff's attorney to arrange to pay the amount owed. If you do not pay the amount owed, the Plaintiff or Plaintiff's attorney may initiate further proceedings to enforce the judgment, including:

1. **Interrogatories:** You must answer these written questions about your income and assets in writing under penalties of perjury.

2. **Oral Examination:** You must appear in court to testify in response to questions about your assets and income.

3. **Writ of Execution:** The Court may issue a writ requiring the sale or seizure of any of your possessions except, with some exceptions, property that is exempt from execution. The exemptions are explained in detail on the reverse side of the Writ of Execution form, DC-CV-040. Further, the Court could order you to pay additional expenses such as towing, moving, storage fees, advertising costs, and auctioneer's fees incurred in executing the writ.

4. **Garnishment of Property:** The Court may issue a writ ordering a bank or other agent to hold your assets until further court proceedings.

5. **Garnishment of Wages:** The Court may issue a writ ordering your employer to withhold a portion of your wages to pay your debt. The law provides certain exemptions from garnishment.

**If you have any questions, you should consult an attorney. The clerk of the Court is not permitted to give you legal advice. More information can be found in court brochures located in the clerk's office or online at: http://www.mdcourts.gov/district/public_brochures.html.**

## NOTICE TO PLAINTIFF

1. If the Court enters a judgment for a sum certain, you have the right to file for a lien on real property.

2. If you disagree with the outcome of the case, you have the same post-trial rights as the Defendant does: you may file an Appeal, a Motion for New Trial, a Motion to Alter or Amend the Judgment or a Motion to Revise or Vacate the Judgment. See above for further information concerning these rights.

**MICHAEL C. WORSHAM**
1916 Cosner Road
Forest Hill, Maryland 21050

*Plaintiff*

v.

**ALLIANCE SECURITY, INC.**
85 Garfield Avenue
Cranston, RI 02920

Serve on: Resident Agent
Sheldon Chamratz, same address

and

**MONITRONICS INTERNATIONAL, INC.**
2350 Valley View Lane, Suite 100
Dallas, TX 75234-5736

Serve on: CT Corporation System
1999 Bryan St., Suite 900
Dallas, Texas 75201

*Defendants*

IN THE DISTRICT COURT

FOR HARFORD COUNTY, MARYLAND

Case #: 901-

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

The Plaintiff, Michael C. Worsham, sues the Defendants for violations of the Maryland Telephone Consumer Protection Act (MDTCPA), for making pre-recorded voice telemarketing solicitation calls to advertise and solicit their home security equipment, installation, and monitoring, made to Plaintiff's cellular telephone number that is on the National Do Not Call list registry, after Worsham had explicitly told Defendants not to call Worsham, and after Worsham had already sued Defendants twice, once in the Harford County Circuit Court, and once in the District Court, for similar violations. Defendants' telemarketing practices include using automatic dialers, transmission of fake caller ID, fake caller names, and hanging up without leaving any message or identification.

1

## PARTIES

1. Plaintiff Michael C. Worsham resides in Harford County, Maryland, and has been the subscriber to his cellular (wireless) telephone number 410-557-6192 at all times relevant to this suit, a number which has been on the National Do Not Call (DNC) list since July 15, 2006, and which is used as a residential line.

2. Defendant **ALLIANCE SECURITY, INC. ("Alliance")** is a Delaware corporation with a main office at 85 Garfield Ave., Cranston, RI 02920, and a resident agent Sheldon Chamratz.

3. Defendant **MONITRONICS INTERNATIONAL, INC.** ("Monitronics") is a Texas for-profit corporation with its main office in Dallas, TX.

## ALLEGATIONS

### Defendants' telemarketing calls practices

3. Defendants, individually and in concert with others, and through the mutual assistance of one another and others, engaged in a conspiracy to call consumers, including at phone numbers that are on the National Do Not Call (DNC) list Registry, using an automatic telephone dialing system (ATDS), to make artificial or prerecorded voice calls for the purpose of encouraging people to buy their home security related products or services.

4. Defendants transmit false or spoofed Caller ID numbers and/or information.

5. Plaintiff can't call back Defendants at the Caller ID numbers transmitted by Defendants.

6. Defendants' prerecorded telemarketing messages identify a false name of the supposed caller, and the prerecorded voice asks the call recipient questions, and then transfers the call to a live sales representative or agent of one of the Defendants.

7. Defendants' initiate and make hang up calls which do not include any message or identification and hang up even if the recipient like the Plaintiff answers.

### Defendants' March 15, 2016 Prerecorded & interactive call to Plaintiff

8. Plaintiff alleges he received over 10 calls from or on behalf of Defendants, and possibly other companies Defendants conspired with, at Plaintiff's wireless number 410-557-6192, prior to receiving the specific call alleged in and forming the basis of this Complaint:

| Date | Time | Caller ID display | Call length | Message |
|------|------|-------------------|-------------|---------|
| March 15, 2016 | 1:15 PM | 504-383-0491, Louisiana | 4 min 59 sec | Prerecorded |

2

9.    Plaintiff answered the March 15, 2016 Call, and heard a pre-recorded male voice identifying itself as "*Mike Harris*". The pre-recorded message gave or asserted information, including that people are cutting security wires on the outside of homes, and that 1 out of 15 homes are having this problem.

10.   The March 15, 2016 prerecorded voice Call then asked questions, interactively, including "*Do you have a home security system*?", and when Plaintiff answered "No", he was transferred to a live sales representative of Defendant Alliance Security.

11.   The March 15, 2016 prerecorded Call never identified the company, or gave a phone number.

12.   The live sales representative gave his name only as "Keith" and did not identify the company or give a phone number. "Keith" went over details of a wireless security system, emphasizing wireless, and said it costs $1.25 to $1.75 per day, or about $45/month.

13.   Plaintiff asked "Keith" if they were ADT, and he said no, and eventually after prodding from Plaintiff, "Keith" said the company was Alliance Security.

14.   Plaintiff specifically asked "Keith" for a phone number, and "Keith" responded that he was on an outgoing line, and just keeps signing people up, and that the offer would not last long.

15.   When Keith refused to provide a phone number, Plaintiff said goodbye and hung up.

16.   On March 16, 2016, the next day, Plaintiff called the 504-383-0491 number that had appeared on his caller ID during the afternoon, and got a pre-recorded woman's voice that said that no representatives are available right now, but did not identify the woman, or the company, or provide an option to have a phone number deleted from a calling list.

17.   Plaintiff seeks statutory damages only for the March 15, 2016 prerecorded Call, and does not allege in this Complaint that he suffered a concrete injury within the meaning of Article III of the U.S. Constitution and the Supreme Court's related interpretation.

### Defendants called Plaintiff's wireless and residential number over 10 times

18.   Before the March 15, 2016 call to Plaintiff, Defendants and their agents or contractors as part of Defendants' telemarketing conspiracy over which Defendants exercise control, using different Caller IDs and prerecorded messages, had called Plaintiff at least 10 other times, and these 10 calls are part of a separate lawsuit filed in June 15, 2015 which is currently pending in the Northern District of West Virginia federal court in Multi District Litigation.

19.   Before any calls to Plaintiff, Defendants had been sued numerous times by other person, including in several class action lawsuits over Defendants' telemarketing practices.

**Plaintiff's Do Not Call Requests to Defendants made prior to the March 15, 2016 call**

20. On June 5, 2015 Plaintiff sent an email to Monitronics, which requested under a paragraph labeled IMPORTANT, that Monitronics should not call Plaintiff again at any number.

21. On June 15, 2015 Plaintiff told an agent of Alliance named Don, who had called Plaintiff that day at 5:29 PM, several times not to call Plaintiff again.

22. Plaintiff sued Defendants twice before 3/15/16, indicating he does not want to be called.

**Alliance Security is violating an injunction not to violate telemarketing laws**

23. On March 10, 2014 in *United States v. Versatile Marketing Solutions, Inc. dba VMS Alarms, VMS, Alliance Security and Alliance Home Protections, et al.*, Case #1:14-cv-10612-PBS (D. Mass., Mar. 14, 2014), Alliance Security (or its legal predecessor) entered into a 20 page "Stipulated Final Order for Permanent Injunction and Civil Penalty Judgment" to settle n enforcement action brought against Alliance by the FTC. The Stipulated Final Order is available here: https://www.ftc.gov/system/files/documents/cases/140312vmsorder.pdf.

24. Alliance Security's March 15, 2016 call to Plaintiff violated the FTC Order.

**Defendants are engaging in a criminal conspiracy in violation of Maryland criminal law**

25. Defendant's March 15, 2016 Call and conduct is also a criminal violation of the Maryland Public Utility Companies (PUC) Article, § 8-204(b) and (d).

26. The Maryland PUC law establishes the following conduct being engaged in by the Defendants as criminal conduct:
    (b) *Prohibited*. - A person may not use an automated dialing, push-button, or tone-activated address signaling system with a prerecorded message to:
    (1) solicit persons to purchase, lease, or rent goods or services. . .

27. Defendants are engaged in an ongoing criminal conspiracy to violated Maryland law.

28. Defendants have made millions of dollars through their telemarketing criminal conspiracy, which is their primary method of obtaining new customers.

## Additional Allegations

29. Defendants' calls are initiated to deliver a prerecorded voice solicitation message.

30. Defendants are not identified during any part of the prerecorded voice messages.

31. Defendants exercised decision-making control over their respective policies, procedures and business practices, and made the decisions causing the violations.

32. Defendants intentionally conspired to called Plaintiff's number despite it being on the national DNC list, using pre-recorded voices, and did not leave a message in many calls, provide a phone number, or identify themselves during prerecorded messages or in Caller ID.

33. .The purpose of Defendants' telemarketing and of the calls is to encourage purchase or rental of, or investment in, property, goods, or services offered by Defendants.

34. Defendants' Call failed to transmit or include Defendants' real phone number, and the numbers appearing on Plaintiff's Caller ID was a fake or spoofed number.

35. The name of the telemarketer is available for Caller ID transmission by both Plaintiff's and Defendants' carriers (including any contractors or agents used by Defendants).

36. Plaintiff's Caller ID equipment can and regularly does transmit the name of the caller, and both his and the Defendants' carriers are capable of transmitting the name of the caller.

37. Plaintiff has no business relationship of any kind with, and did not gave any prior permission to be solicited by any Defendant or their affiliates, agents, contractors or partners.

## Automatic Dialing and TCPA Allegations

38. Defendants' call was initiated and made with an *automatic telephone dialing system* (ATDS or autodialer).

39. Defendants' telephone call to Plaintiff violated the Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6601-6108, as implemented by the Federal Trade Commission (FTC) in the Telemarketing Sales Rule,16 C.F.R. Part 310.

40. Defendants made and assisted substantially to the initiation of telephone solicitations to the Plaintiff in violation of the MDTCPA and FTC regulations, on, but possibly not limited to, the date listed in this Complaint.

41. Defendants personally and substantially participated to help arrange for the solicitation calls to be initiated and ultimately delivered to Plaintiff's phone number.

42. Defendants made more than one call within a one year period to Plaintiff in violation of the MDTCPA and the FTC regulations.

43. Defendants are *telemarketers* engaged in *telemarketing* as defined by the FTC.

## Willful and Knowing Conduct Allegations

44. Defendants conspired to call Plaintiff and many others in Maryland knowing that they would be calling into Maryland.

45. Defendants through their conspiracy to call Plaintiff and others in Maryland had numerous, substantial and continuous contacts with Maryland during their calls.

46. Plaintiff's 410-557-6192 number has been on the national DNC list registry continuously since July 15, 2006 and prior to and at the time of all of Defendants' calls to Plaintiff.

47. Defendants willfully ignore the national DNC list.

48. Defendants, including their agents or contractors, failed to pay the annual fee for access to telephone numbers within Plaintiff's area code 410 that are included on the national DNC list Registry maintained by the FTC.

49. On May 11, 2011 Defendant Monitronics was sued in a class action in the Circuit Court of Ohio County, West Virginia by Plaintiff Diana Mey for TCPA violations, alleging that Monitronics called Mey over 10 times with a company then called Versatile Marketing Solutions, and which later became Alliance.

50. Monitronics was sued in several other TCPA class actions, which were combined with the *Mey* case in a multi-district case as *In re: Monitronics International, Inc. , Telephone Consumer Protection Act Litigation*, N.D. West Virginia, MDL Case #1:13-md-2493.

51. Plaintiff alleges that Alliance Security was aware of the TCPA and that Monitronics had been sued for TCPA violations by Mey and others, prior to any calls made to the Plaintiff.

52. Defendants are all aware and know about, and approve of, the telemarketing calling patterns and practices used in any of their calling centers and/or used by of their agents or contractors.

53. Defendants all profited by and through the telemarketing calling patterns and practices their or their agents or contractors use and through their conspiracy to call and as part of the calls.

54. Defendants all ratified the acts and conduct of all person involve in the calls, including but not limited to employees, agents or contractors calling on their behalf, including any used to call Plaintiff, and profited by the ratification of these acts.

55. Defendants willfully and knowingly failed to clearly identify themselves or the individual callers during the calls, and specifically did not provide the name of the individual callers, the names of the person or entity on whose behalf the call is being made, and any telephone number other than that of the autodialer which initiated or placed the call.

56. Defendants' calls to others were on different dates and times and from different numbers than the call alleged herein made to Plaintiff on March 15, 2016.

57. Defendants' calls to Plaintiff including on March 15, 2016 are criminal violations of the Maryland Ann. Code, Public Utility Companies Article, § 8-204.

58. Defendants are engaged in a criminal conspiracy.

## COUNTS 1-5:

## MARYLAND TELEPHONE CONSUMER PROTECTION ACT (MDTCPA)

Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.   The MDTCPA, Maryland Annotated Code, Commercial Law Art. §§-14-3201 to 14-3202, prohibits a person from violating the Federal Communication Commission's (FCC) telemarketing regulations, and which makes each prohibited telephone solicitation and each prohibited practice during a telephone solicitation a separate violation.

### COUNT 1 :  Failure to honor the National Do Not Call (DNC) list Registry

59.   Defendants' Calls violated the FCC regulations at 47 C.F.R. § 64.1200(c)(2), which prohibit telephone solicitations to a number registered on the National DNC registry, and this violates the MDTCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202.

### COUNT 2 : Calling a wireless and residential number without prior express consent

60.   Defendants' Calls violated an FCC regulation at 47 C.F.R. § 64.1200(a)(1)(iii), which provides that *"(1) Prohibitions: It shall be unlawful for any person . . . (A) to make any call (other than a call made for emergency purposed or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice - (iii) to any telephone number assigned to a paging service, cellular telephone service . . ."*

or in the alternative it is plead for this Count that:

Defendants' Calls violated the FCC regulation at 47 C.F.R. § 64.1200(a)(3), which makes it unlawful *"to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party."*

These FCC violations violates the MDTCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-3201-3202

### COUNT 3 : Failure to identify a telemarketer and their telephone number

61.   Defendants' Call violated the FCC regulation at 47 C.F.R. § 64.1200(d)(4), which requires

that  "*A person or entity making a call for telemarketing purposes must provide the called*

*party with the name of the individual caller, the name of the person or entity on whose behalf*

*the call is being made, and a telephone number or address at which the person or entity may*

*be contacted.*" This FCC violation violates the MDTCPA, Maryland Annotated Code,

Commercial Law Art. §§ 14-3201-3202

### COUNT 4 :  Failure to transmit full and complete Caller ID information

62.   Defendants' Call violated the FCC regulation at 47 C.F.R. § 64.1601(e)(1), which requires

that "*Any person or entity that engages in telemarketing, as defined in section 64.1200(f)(7)*

*must transmit caller identification information . . .[and] must include either CPN or ANI,*

*and, when available by the telemarketer's carrier, the name of the telemarketer.*" This FCC

violation violates the MDTCPA, Maryland Annotated Code, Commercial Law Art. §§ 14-

3201-3202

### COUNT 5 : Failing to provide an automated interactive voice opt out mechanism

63.   **Count 5:** Defendants' Call violated the FCC regulation at 47 C.F.R. § 64.1200(b)(3), which

requires that "*All artificial or prerecorded voice telephone messages shall: . . .(3) In every*

*case where the artificial or prerecorded voice telephone message includes or introduces an*

*advertisement or constitutes telemarketing and is delivered to a residential telephone line*

*or [wireless numbers] . . . provide an automated, interactive voice- and/or key press-*

*activated opt-out mechanism for the called person to make a do-not-call request, including*

*brief explanatory instructions on how to use such mechanism, within two (2) seconds of*

*providing the identification information required in paragraph (b)(1) of this section.*" and

8

also violates the MD-TCPA, Maryland Ann. Code, Commercial Law Art. §§ 14-3201-3202.

## REQUESTED RELIEF

64.   Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

65.   Each failure on a separate occasion by any Defendant or its conspiring partners, employees, agents or contractors to comply with the FCC regulations constitutes a separate violation of the federal regulations and Maryland TCPA.

### Maryland TCPA Damages

66.   **Counts 1 to 5**: For each of the 5 violations identified so far, Plaintiff demands $500 for each of the 5 separate violation of the Maryland TCPA in Counts 1 to 5, pursuant to Maryland Commercial Law Art. § 14-3202(b)(2), and reasonable attorneys fees as may be applicable.

67.   Plaintiff seeks under the Maryland TCPA: 5 Maryland TCPA violations x $500/violation = **$2,500 in Maryland TCPA statutory damages**.

WHEREFORE the Plaintiff seeks from the Defendants jointly and severally $2,500 in Maryland statutory damages, for the solicitation violations identified thus far, reasonable attorneys fees as may become applicable, costs, and other such relief as is just and necessary.

Respectfully submitted,

Michael C. Worsham, *Plaintiff, Pro Se*
1916 Cosner Road
Forest Hill, Maryland 21050-2210
410-692-2749

June 8, 2016